MADDOX, Justice
(dissenting).
The office of tax assessor is an elective office. When the person elected to that office dies, resigns or is removed, the vacancy contemplated by the statute exists, and if a general election is held six months after the date of that vacancy, an election must be held to fill the vacancy for the “unexpired term” of the officeholder who died, resigned or was otherwise removed from office. The “six months” specified in the statute is for the purpose of allowing the political parties sufficient time to conduct primaries or otherwise select their nominees, and for individuals to qualify as independent candidates for the general election, and is not for the purpose, as the majority holds, “to give each person holding office, whether elective or appointed, a sufficient period of time in which to give the public serious dedicated service with continuity and purpose.”
When primaries were held in May, the “six months” approximated the time between the primaries and the general election. When the legislature changed the primary date to the “first Tuesday after the first Monday in September” [Code 1975, § 17-16-6], it did not change the “six months” provision of the statute now under review. The fact that the legislature did not change the “six months” provision in the statute under review is of no consequence, in my opinion.
Under the express terms of the statute, Milstead’s (the initial appointee’s) term obviously could not go beyond the time of the November 4, 1980, general election, or at most, until his successor was elected and qualified.
When the elected tax assessor died, the six months clock began to run. At that time, an election for the office of tax assessor for the unexpired term was statutorily mandated.
The holding today produces what could be an unconstitutional and inequitable result.
The statute specifically states that “... any person appointed to fill any such vacancy shall hold office only until the next general election for any state offices held at least six months after the vacancy occurs .... ” [Emphasis supplied.] It should be noted that this statute contemplates that there will be an election for the unexpired term. Code 1975, § 36-9-17, contemplates that any appointee will be appointed for the unexpired term. Therein lies a significant distinction.
Assume the facts are similar to those here involved. An elective officeholder dies more than six months prior to a general election for a state officer. The appointing authority fills the vacancy. Assume that one political party holds a primary election to select a nominee to run in the general election for the unexpired term of that officeholder. That primary is hotly contested and the candidates spend substantial sums of money to gain their party nomination. The incumbent appointee gets his party’s nomination by convention or caucus. The incumbent appointee, believing he may lose the general election, resigns and the appointing authority fills the vacancy. Under the holding today, there would be no election held to fill the vacancy at that general election. That result presents serious legal and constitutional questions and is also inequitable. That is why I respectfully dissent.
FAULKNER, J., concurs.